# EXHIBIT D

---

# Plaintiffs' First Amended Original Petition

Filed
8/7/2014 1:18:55 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 14-1337

| | | |
|---|---|---|
| JO ANN GROSSKOPF and RYAN GROSSKOPF, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § § | |
| | § § | 428th JUDICIAL DISTRICT |
| VS. | § § | |
| CHRYSLER GROUP LLC, CHRYSLER COMPANY, CHRYSLER LLC, and, CHRYSLER CORPORATION, | § § § § | |
| *Defendants*. | § | HAYS COUNTY, TEXAS |

**PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION AND JURY DEMAND**

Plaintiffs Jo Ann Grosskopf and Ryan Grosskopf file this First Amended Original Petition and Jury Demand, complaining of Defendants Chrysler Group LLC, Chrysler Company, Chrysler LLC, and Chrysler Corporation (together, "Chrysler"), and for cause of action would respectfully show as follows:

## I.   PARTIES

1. Plaintiffs Jo Ann Grosskopf and Ryan Grosskopf are individuals residing in Buda, Hays County, Texas, and are citizens of the State of Texas.

2. Defendant Chrysler Group LLC is a Delaware limited liability company that maintains its principal place of business (its nerve center) in Auburn Hills, Michigan. Defendant has been served.

3. Defendant Chrysler Company is a Delaware corporation that maintains its principal place of business (its nerve center) in Auburn Hills, Michigan. Defendant has been served.

4. Defendant Chrysler LLC, also known as Old Carco, LLC, is Delaware limited liability company that maintains its principal place of business (its nerve center) in Auburn Hills, Michigan. Defendant has been served.

5. Defendant Chrysler Corporation, also known as DaimlerChrysler Corporation, is a Delaware corporation that maintains its principal place of business (its nerve center) in Auburn Hills, Michigan. Defendant has been served.

## II.   JURISDICTION AND VENUE

6. The Court has jurisdiction over this action. Plaintiffs seek monetary relief over $1,000,000.00. However, Plaintiffs reserve the right to amend should the evidence require.

7. This Court has general personal jurisdiction over Chrysler Group LLC, Chrysler Company, Chrysler LLC, and Chrysler Corporation because they have continuous, systematic, and substantial contacts with the State of Texas. Upon information and belief, all three defendants:

- Maintain or maintained offices, facilities, or other places of business in the State of Texas;
- Employ or employed people in the State of Texas;
- Own or owned real estate in the State of Texas;
- Maintain or maintained bank accounts in the State of Texas;
- Do or did business in the State of Texas;
- sell, ship, or provide, or did sell ship, or provide, goods or services to buyers located in the State of Texas;
- maintain or maintained a registered agent for service of process in the State of Texas;
- hold or held licenses, charters, or permits in the State of Texas; and
- advertise or advertised in the State of Texas.

8. This Court further has specific personal jurisdiction over Chrysler Group LLC,

Chrysler Company, Chrysler LLC, and Chrysler Corporation because they purposefully directed their activities at residents of the State of Texas, or purposefully availed themselves of the privileges of conducting business in Texas. Further, the present controversy arises out of or is related to their contacts with the State of Texas.

9. Venue is proper in HAYS County, Texas because a substantial part of the events or omissions giving rise to the claims and causes of action occurred in Hays County, Texas.

### III.   DISCOVERY CONTROL PLAN

10. Discovery in this case is intended to be conducted under Level 3 pursuant to Texas Rules of Civil Procedure 190.

### IV.   STATEMENT OF FACTS

11. Plaintiffs Jo Ann Grosskopf and Ryan Grosskopf are a husband and wife who live in Buda, Hays County, Texas.

12. The Grosskopfs owned a 2000 Plymouth Neon (VIN 1P3ES46C0YD517960). The vehicle was designed, manufactured, marketed and placed into the stream of commerce by Chrysler.

13. The Grosskopfs were not warned at the time they purchased the vehicle, or at any point thereafter, that one or more of the vehicle's airbags may not deploy during a head-on collision.

14. On the morning of July 16, 2012, Mrs. Grosskopf was driving northbound on Interstate 35 near Kyle, Texas. Her 13 year-old daughter Alyse was in the front passenger seat.

15. Mrs. Grosskopf took exit 213 and entered the highway's exit ramp, approximately one mile south of downtown Kyle. The frontage roads that adjoin each side of this portion of

Interstate 35 are undivided two-lane roads. In other words, traffic travels both directions on the road and is separated by double yellow lines on the pavement.

16. At the end of this exit ramp, vehicles exiting Interstate 35 must cross the southbound lane of the frontage road to enter the northbound lane of the frontage road. The vehicles traveling on the frontage road are instructed by street signs to yield to vehicles exiting Interstate 35.

17. As Mrs. Grosskopf was attempting to merge into the northbound lane of the frontage road after taking exit 213, a driver traveling southbound on the frontage road failed to yield to Mrs. Grosskopf and struck the Grosskopfs' vehicle head-on.

18. Upon impact, the airbag on the driver side failed to deploy.

19. Due to the failure of the airbag, Mrs. Grosskopf suffered terrible injuries, a significant portion of which were directly caused by the failure of the driver's-side airbag to deploy. She fractured multiple bones, required multiple surgeries, and spent extended time in the hospital. Many, if not most, of these injuries were exactly the type that the vehicle's driver's-side airbag was intended to prevent.

20. Mrs. Grosskopf's injuries, and the Grosskopfs' damages, were caused by the unreasonably dangerous and defective vehicle, Chrysler's breaches of warranty, Chrysler's negligence and that of its employees, agents, servants, affiliates and/or legal predecessors.

## V. CAUSES OF ACTION

### Count #1: Strict Product Liability (Design Defect)

21. The Grosskopfs incorporate the preceding paragraphs and the allegations they contain as if completely set forth herein.

22.     The 2000 Plymouth Neon was defectively designed so as to render it unreasonably dangerous. Specifically, its driver's-side airbags were not designed to deploy under appropriate circumstances. This defect rendered the 2000 Plymouth Neon unreasonably dangerous because:

- the utility of the vehicle as designed, to the Grosskopfs and to the public as a whole, was significantly outweighed by the gravity and likelihood of injury from its use;

- there were other available, substitute products that met the same need as the 2000 Plymouth Neon that were not unsafe nor unreasonably expensive;

- Chrysler could have eliminated the unsafe character of the 2000 Plymouth Neon as designed without seriously impairing its usefulness or significantly increasing its costs;

- the Grosskopfs were not aware of the dangers inherent in the vehicle and there were no suitable warnings or instructions to apprise them of the danger; and

- the ordinary consumer expected a product that contained a driver's-side airbag that would deploy in a head-on collision.

23.     A safer alternative design of the driver's-side airbag existed. In other words, an alternative design existed that: (i) in reasonable probability would have prevented or significantly reduced the risk of the Grosskopfs' injuries without substantially impairing the 2000 Plymouth Neon's utility, and (ii) was economically and technologically feasible at the time the product left Chrysler's control by the application of existing or reasonably achievable scientific knowledge.

24.     The defective design of the driver's-side airbags in the 2000 Plymouth Neon was a producing cause of the Grosskopfs' injuries.

### Count #2: Strict Product Liability (Manufacturing Defect)

25.     The Grosskopfs incorporate the preceding paragraphs and the allegations they contain as if completely set forth herein.

26.     The 2000 Plymouth Neon in question, VIN 1P3ES46C0YD517960, deviated from its specifications or planned output in a manner that rendered the vehicle unreasonably

- 6 -

dangerous. Specifically, the driver's-side airbag in the vehicle failed to properly deploy in the head-on collision described above on July 16, 2012.

27. The defect existed at the time the 2000 Plymouth Neon in question, VIN 1P3ES46C0YD517960, left Chrysler's possession.

28. The defect was a producing cause of the Grosskopfs' injuries.

### Count #3: Strict Products Liability (Marketing Defect)

29. The Grosskopfs incorporate the preceding paragraphs and the allegations they contain as if completely set forth herein.

30. There is a risk of harm that is inherent in the 2000 Plymouth Neon or that may arise from the intended or reasonably anticipated use of the vehicle. Specifically, it is reasonably anticipated that the vehicle would be involved in a head-on collision.

31. Chrysler knew or could have reasonably foreseen the risk of the harm at the time the 2000 Plymouth Neon was marketed. Marketing the vehicle as safe with operational airbags endangered anyone who relied on those representations, including the Grosskopfs, who did in fact rely on Chrysler's representations.

32. The 2000 Plymouth Neon had a marketing defect. Specifically, it failed to warn consumers, including the Grosskopfs, that the driver's-side airbag would fail to deploy in a head-on collision.

33. The absence of warning or instructions rendered the 2000 Plymouth Neon unreasonably dangerous to the ultimate user or consumer of the vehicle.

34. The failure to warn or properly instruct the Grosskopfs constitutes a causative nexus in the Grosskopfs' injuries.

**Count #4: Breach of Express Warranty**

35. The Grosskopfs incorporate the preceding paragraphs and the allegations they contain as if completely set forth herein.

36. Chrysler sold the 2000 Plymouth Neon in question, VIN 1P3ES46C0YD517960.

37. Chrysler made a representation to the Grosskopfs about the characteristics of the vehicle. Specifically, Chrysler represented that the vehicle's airbags were operational and would deploy during a head-on collision.

38. Chrysler's representation was part of the basis of the bargain. Consumers, including the Grosskopfs, would have evaluated their purchases differently had Chrysler not made the false representation that the vehicle's airbags would properly deploy during a head-on collision.

39. The goods did not comply with Chrysler's representation, which was a breach of Chrysler's express warranty.

40. The Grosskopfs have hereby notified Chrysler of the breach of the express warranty.

41. Chrysler's breach of warranty directly and proximately caused injury to the Grosskopfs, which caused the Grosskopfs' damages.

42. The Grosskopfs seek unliquidated damages within the jurisdictional limits of this Court.

43. The Grosskopfs are entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of an express warranty. The Grosskopfs retained counsel, who have now presented their claim to Chrysler. Chrysler did not tender the amount owed within 30 days of when the claim was

- 7 -

presented.

## Count #5: Breach of the Implied Warranty of Merchantability

44. The Grosskopfs incorporate the preceding paragraphs and the allegations they contain as if completely set forth herein.

45. Chrysler, a merchant of automobiles, sold the 2000 Plymouth Neon in question, VIN 1P3ES46C0YD517960.

46. The vehicle was unmerchantable when Chrysler tendered it because its driver's-side airbag was defective, which was a breach of the implied warranty of merchantability.

47. The Grosskopf have now notified Chrysler of the breach of the warranty of merchantability.

48. Chrysler's breach of warranty directly and proximately caused injury to the Grosskopfs, which caused the Grosskopfs' damages.

49. The Grosskopfs seek unliquidated damages within the jurisdictional limits of this Court.

## Count #6: Negligence

50. The Grosskopfs incorporate the preceding paragraphs and the allegations they contain as if completely set forth herein.

51. Chrysler owed the Grosskopfs and other consumers a duty to design, manufacture, and market the 2000 Plymouth Neon in question in such a manner that is was safe for ordinary use.

52. Chrysler negligently placed the 2000 Plymouth Neon in question in the channels of trade and sold it in a manner that Chrysler foresaw, or in the exercise of reasonable care ought to have foreseen, would probably carry the defective and unreasonably dangerous product into

contact with persons such as the Grosskopfs. It further failed to use reasonable care in the design and marketing of the product to prevent injury to persons, including the Grosskopfs. Chrysler also negligently (i) failed to inspect or test—or to adequately inspect or test—the vehicle and (ii) failed to warn the Grosskopfs and others using the vehicles of its defective and unsafe condition.

53. Chrysler's negligence was a proximate cause of the injuries suffered by the Grosskopfs.

### **Res Ipsa Loquitor**

54. The Grosskopfs cannot more specifically allege the acts of negligent manufacture or design on the part of Chrysler, because facts in that regard are peculiarly within the knowledge of Chrysler. In the alternative, in the event the Grosskopfs are unable to prove specific acts of negligent design or manufacture, the Grosskopfs rely on the doctrine of *res ipsa loquitur*.

55. The Grosskopfs will show (i) the character of the occurrence giving rise to this litigation—the failure of the driver's-side airbag and ensuing the injuries—is such that it would not have happened in the absence of the negligence of Chrysler, and (ii) the design and manufacture of the 2000 Plymouth Neon in question was under Chrysler's sole management and control.

56. The Grosskopfs had and have no means of ascertaining the method or manner in which the 2000 Plymouth Neon in question was designed and manufactured, and they came into the Grosskopfs' possession in the same condition they were in when they left the control of Chrysler. Thus, Chrysler was negligent in the design and/or the manufacture of the products, which was a proximate cause of the injuries and damages sustained by the Grosskopfs.

57. The Grosskopfs hereby give notice that they intend to rely on evidence of specific

acts and on evidence that permits the jury to infer negligence on *res ipsa* grounds.

## VI.   DAMAGES

58. Jo Ann Grosskopf sustained severe and permanent injuries as a result of the defects, acts, and omissions set out above. She seeks damages under all categories allowed by Texas law, including, but not limited to, damages for physical pain and suffering, mental anguish, disability, loss of earnings, loss of earning capacity, physical impairment, physical disfigurement, and medical care and expenses, both in the past and in the future.

59. Ryan Grosskopf has also suffered damages, including mental anguish, lost earnings, loss of household services, and loss of consortium.

60. The Grosskopfs seek recovery for medical care. They will show they have incurred doctor bills, hospital bills, and other medical expenses in the past, and will be forced to incur similar costs for care in the future.

61. The Grosskopfs will show they are entitled to recover interest for all elements of damages for which the law provides for prejudgment interest. The Grosskopfs are also entitled to post-judgment interest at the maximum legal rate.

## VII.   CONDITIONS PRECEDENT

62. All conditions precedent to the Grosskopfs' right to recover have occurred, have been fully performed, or have been waived by Chrysler.

## VIII.   DISCOVERY RULE

63. The Grosskopfs specifically plead and invoke the discovery rule as a bar to any claim by Chrysler that the Grosskopfs' claims or causes of action are barred by any statute of limitations.

## IX. REQUEST FOR DISCLOSURE

64. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through 194.2(1).

## X. JURY DEMAND

65. The Grosskopfs hereby demand a trial by jury and tender the proper fee for same to the Court's Clerk.

## XI. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Jo Ann Grosskopf and Ryan Grosskopf request that Defendants Chrysler Group LLC, Chrysler Company, Chrysler LLC, and Chrysler Corporation be cited to appear and answer, and that on final trial the Grosskopfs have judgment against Chrysler for the following relief:

 i. Actual damages;

 ii. Attorney's fees;

 iii. Prejudgment and post judgment interest;

 iv. Costs;

   and

 v. Any other and further relief, at law or in equity, to which they are justly entitled.

- 12 -

Dated: August 7, 2014

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

*/s/ Sean Breen*

_____

Sean Breen
State Bar No. 00783715
sbreen@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorney for Plaintiffs Jo Ann Grosskopf and Ryan Grosskopf*